

> Application GRANTED. The parties shall file cross-motions for summary judgment according to the following schedule:
> - Defendants' Motion for Summary Judgment: June 9, 2020
> - Plaintiff's Cross-Motion for Summary Judgment and Opposition: June 29, 2020
> - Defendants' Opposition and Reply: July 28, 2020
> - Plaintiff's Reply: August 17, 2020
>
> The parties shall continue to meet and confer and, by May 26, 2020, shall file a status letter on ECF to apprise the Court of the remaining disputes still to be resolved by summary judgment briefing, and whether ongoing disruptions require additional delay.
>
> Dated: March 31, 2020
> New York, New York
>
> _LORNA G. SCHOFIELD_
> **UNITED STATES DISTRICT JUDGE**

**By ECF**
Hon. Lorna G. Schofield
U.S. District Judge
500 Pearl Street
New York, NY 10007

      Re:    *American Oversight v. Department of Justice et al.*
             No. 19 Civ. 8215 (LGS)

Dear Judge Schofield:

      In accordance with the Court's February 24, 2020 Order (ECF No. 22), the parties write respectfully on behalf of all parties to the above-referenced Freedom of Information Act ("FOIA") action to advise the Court of the remaining disputes to be resolved by summary judgment briefing. Defendants the Department of Justice and the Federal Bureau of Investigation ("FBI") (collectively, the "Government"), with plaintiff's consent, also respectfully request that the Court stay the summary judgment briefing schedule for sixty days on account of disruptions to FBI's FOIA capabilities caused by the COVID-19 pandemic.

**Conferral and Further Narrowing of Issues**

      In its February 24 Order, the Court so-ordered the briefing schedule proposed by the parties for summary judgment motion practice, and directed the parties to continue to meet and confer and, by March 30, 2020, to file a status letter to apprise the Court of the remaining disputes to be resolved by summary judgment briefing. The parties have continued to meet and confer and have further narrowed the issues to be resolved on summary judgment. Plaintiff has agreed that it will not contest the FBI's withholding of information in the responsive interview reports pursuant to FOIA exemptions 7(A) or 7(E), 5 U.S.C. § 552(b)(7)(A), (E). Plaintiff also does not challenge the withholding of one interview report pursuant to exemption 3, *id.* § 552(b)(3), and 26 U.S.C. § 6103(a). As reported previously, Plaintiff also will not challenge the adequacy of Defendants' search for responsive records.

      Accordingly, the parties' cross-motions will be limited to the Government's withholdings in 29 interview reports pursuant to three FOIA exemptions. First, to the extent the interviews were conducted by prosecutors, the reports were withheld in whole

or in part pursuant to exemption 5, 5 U.S.C. § 552(b)(5), and the work product privilege. Second, the records were withheld in whole or in part pursuant to exemptions 6 and 7(C), *id.* § 552(b)(6), (7)(C), to protect the personal privacy of the interviewees and/or third parties mentioned in the documents. Third, discrete grand jury information was withheld from the records pursuant to exemption 3, *id.* § 552(b)(3), and Federal Rule of Criminal Procedure 6(e).

**The Government's Request for a Stay**

Under the briefing schedule so-ordered by the Court, defendants' motion for summary judgment is currently due on April 10, 2020. However, as described in the enclosed declaration of Michael G. Seidel, as a result of the COVID-19 pandemic, employees with the FBI's Record/Information Dissemination Section ("RIDS"), the section responsible for FOIA matters, have been designated as not mission-critical and sent home as of March 17, 2020. RIDS employees are unable to telework because the systems they work on are located on FBI's SECRET-level classified enclave. As a result, FOIA processing activities ceased as of March 17, 2020, and will not resume until at least April 13, 2020, subject to continued reassessment in light of evolving conditions. This includes the drafting of *Vaughn* declarations and indexes to support summary judgment motions.

Because this Office is unable to obtain a declaration from FBI, it is unable to move for summary judgment with regard to FBI's withholdings from the responsive interview reports. *See*, *e.g.*, *Wilner v. NSA*, 592 F.3d 60, 73 (2d Cir. 2009) (summary judgment "warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." (citation and quotation marks omitted)). The Government therefore respectfully requests that the Court stay the summary judgment briefing schedule for sixty days. The Government regrets this delay.

We thank the Court for its consideration of this letter.

                                      Very truly yours,

                                      GEOFFREY S. BERMAN
                                      United State Attorney for the
                                      Southern District of New York

                            By: /s/ *Sarah S. Normand*
                                      SARAH S. NORMAND
                                      Assistant U.S. Attorney
                                      86 Chambers Street, Third Floor
                                      New York, New York 10007
                                      Telephone:  (212) 637-2709/2761
                                      Sarah.Normand@usdoj.gov