UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AMERICAN OVERSIGHT,

                              Plaintiffs,

                  -against-

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,

                              Defendants.

------------------------------------------------------------------ x

19 Civ. 8215 (LTS)

## DECLARATION OF THOMAS McKAY

I, Thomas McKay, pursuant to 28 U.S.C. § 1746, declare the following:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York ("SDNY"). I have been employed as a federal prosecutor in the SDNY since 2014.

2. The statements made in this declaration are based on my personal knowledge, as well as information obtained and reviewed in the course of my official duties.

3. I understand that the plaintiff in this action, American Oversight, submitted a Freedom of Information Act ("FOIA") request dated July 22, 2019 (the "FOIA request") to the Executive Office of United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI"), both components of the Department of Justice ("DOJ"). The FOIA request sought "[a]ll FBI form 302s ["302s"] reflecting the content of all interviews conducted as part of the government's investigation of potential campaign finance violations committed by President Trump, the Trump Organization, Michael Cohen, or others representing President Trump or the Trump Organization, as well as any investigation of other potential violations related to that

investigation (including, for example, obstruction of justice). . . ." The FOIA request also sought "[a]ll other records intended to summarize, memorialize, or record witness interviews or witness statements used in the investigation(s) . . . ." ECF No. 1, Exh. A at 2.

4. I submit this declaration to provide information concerning the records identified by the SDNY as responsive to plaintiff's FOIA requests, and in support of defendants' motion for summary judgment in this action.

**The SDNY Investigations**

5. I was a member of the team of SDNY prosecutors responsible for the prosecution of Michael Cohen, *United States v. Cohen*, 18 Cr. 602 (WHP) (S.D.N.Y.). In 2108 and early 2019, the SDNY prosecutors, together with Special Agents of the FBI and the SDNY, conducted an investigation of potential campaign finance violations by Michael Cohen and others.

6. As a result of this investigation, Michael Cohen was charged, by Information, with the following campaign finance violations: one count of causing an unlawful corporate contribution, in violation 52 U.S.C. §§ 30118(a) & 30109(d)(1)(A), and 18 U.S.C. § 2(b), and one count of making an excessive campaign contribution, in violation of 52 U.S.C. §§ 30116(a)(1)(A) & 30116(a)(7), 30109(d)(1)(A), and 18 U.S.C. § 2(b). Cohen was also charged with five counts of evasion of assessment of income tax liability, in violation of 26 U.S.C. § 7201, and one count of false statements to a bank, in violation of 18 U.S.C. §§ 1014 & 2. *See* Information, 18 Cr. 602, ECF No. 2. No other individuals were charged as a result of the SDNY's investigation.

7. On August 21, 2018, Michael Cohen pleaded guilty before the Hon. William H. Pauley III to the eight-count Information, pursuant to a plea agreement. 18 Cr. 602, ECF No. 7. On December 12, 2018, Judge Pauley sentenced Mr. Cohen to 36 months' imprisonment (to be

served concurrently with a sentence imposed by Judge Pauley in a separate criminal matter), 3 years of supervised release , restitution, forfeiture, and a fine. Judgment of conviction was entered on December 12, 2019. *See* 18 Cr. 602, ECF Nos. 29, 31.

8. In addition to the investigation that led to the prosecution of Mr. Cohen, I and other SDNY prosecutors, assisted by Special Agents of the FBI and SDNY, conducted a related investigation of whether certain individuals made false statements, gave false testimony or otherwise obstructed justice in connection with the underlying criminal investigation. *See* July 15, 2019 Status Letter, 18 Cr. 602, ECF No. 48, Exh. 9 at 1 n.1. No individuals were charged as a result of this related investigation.

**The Responsive Interview Records**

9. In furtherance of the investigations described above, prosecutors and/or Special Agents conducted a series of interviews of potential witnesses. In most cases, the interviews were memorialized in 302s prepared by an FBI Special Agent or a memorandum of interview prepared by an SDNY Special Agent. These 302s and interview memoranda (as well as the one set of handwritten notes prepared by an FBI Special Agent) were prepared by FBI or SDNY Special Agents acting under the substantial direction of the prosecutors, and they were reviewed by prosecutors. SDNY prosecutors selected witnesses to interview, discussed and determined in advance the investigative strategy for witness interviews, and in most cases led the interviews.

10. After EOUSA forwarded the FOIA request to SDNY, I conducted a search for 302s or other records in the possession of the SDNY responsive to the FOIA request. As a result of this search, I located a total of 30 interview records responsive to the FOIA request. In a few instances, the only record of an interview that I located consisted of handwritten notes prepared by a prosecutor or agent.

11. It is my understanding that the parties, through counsel, have narrowed the documents in dispute to 27 interview records, which are identified on the index attached to the declaration of EOUSA Attorney-Advisor Ebony Griffin (the "EOUSA Index"). These 27 interview records consist of 21 302s prepared by FBI Special Agents, three interview memoranda prepared by SDNY Special Agents, and three sets of handwritten notes, two of which were prepared by prosecutors (for the interviews dated 4/19/2018 and 1/14/2019, as identified on the EOUSA Index) and one of which was prepared by an FBI Special Agent (for the interview dated 4/6/2018, as identified on the EOUSA Index).

12. I have personally reviewed the 27 responsive interview records identified on the EOUSA Index, both in the course of the investigation and again in response to the FOIA request.

13. I understand that DOJ has withheld the 27 interview records in whole or in part pursuant to exemption 5 of FOIA, 5 U.S.C. § 552(b)(5), and the work product privilege, as identified on EOUSA Index. The interview records were prepared in anticipation of litigation. Specifically, prosecutors and/or Special Agents acting at the substantial direction of prosecutors conducted these interviews in connection with the prosecutors' evaluation of whether criminal prosecutions were warranted. The interviews were recorded to gather and assess the extent to which evidence could be obtained to support criminal charges and that could be presented to a grand jury or at trial. The prosecutors anticipated the potential for criminal charges during the investigation and at the time the witness interviews leading to the creation of interview records were conducted. The records were generated because of the prospect of litigation.

14. Disclosure of the interview records would reveal the prosecutors' selection of witnesses to interview, as well as their mental impressions, legal theories, case analysis, and strategic decisions regarding the investigation. For 22 of the 27 interview records, SDNY

4

prosecutors conducted the questioning reflected in the documents. Disclosure of the questions asked by prosecutors would reveal the topics discussed (and not discussed) with each witness, the focus and emphasis of the prosecutors, and their thinking about the substance of the case. For the other five interviews, Special Agents conducted the questioning reflected in the document, although in one case a prosecutor participated in the interview by telephone. With regard to these five interviews, prosecutors coordinated with the Special Agents in advance of the interviews and discussed with them the topics to be covered and certain questions to be asked. Accordingly, disclosure of these interviews would also reveal the topics, information, and conduct of particular interest to prosecutors, and their thinking about the substance of the case.

15. To the best of my knowledge, none of the 27 responsive interview records identified on the EOUSA Index have been disclosed in connection with any judicial or administrative proceedings to any person outside of the government or have otherwise been publicly disclosed.

16. I understand that DOJ has withheld the 27 responsive interview records identified on the EOUSA index in whole or in part pursuant to FOIA exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6) & (7)(C), to protect the personal privacy of the witnesses who provided the interviews, third parties of investigative interest, including uncharged subjects of investigation, and other third parties mentioned in the documents.

17. I am aware that three of the witnesses whose interviews are reflected in the 27 interview records remaining at issue—Michael Cohen, Keith Davidson and John Gauger—have publicly acknowledged that they cooperated with the investigation by providing interviews to prosecutors and/or investigators. I understand that DOJ has released seven redacted records reflecting interviews with Mr. Cohen, Mr. Davidson and Mr. Gauger, as identified on the EOUSA Index. Other than Mr. Cohen, Mr. Davidson and Mr. Gauger, I am not aware that any

witnesses whose interviews are reflected in the 27 interview records identified on the EOUSA Index have made public statements disclosing or acknowledging their cooperation.

18. Substantial information about the conduct of Mr. Cohen and others has been publicly released in the criminal case. *See* 18 Cr. 602, ECF Nos. 2 (information), 7 (transcript of plea), 27 (government's sentencing submission), 48 (search warrant applications, affidavits and warrants for premises, cell phones, hotel room, email and i-Cloud accounts, and devices associated with Michael Cohen, disclosed in response to unsealing motion and court order).

19. However, apart from Mr. Cohen and (as a result of DOJ's FOIA release) Mr. Davidson and Mr. Gauger, the government has not publicly disclosed or acknowledged that any other individual cooperated in the investigation by providing statements to investigators. Except as necessary to conduct a prosecution, the SDNY generally does not disclose or acknowledge whether or not specific individuals have provided interviews or otherwise cooperated with an investigation. In my experience as a prosecutor, many witnesses would be reluctant to voluntarily provide information in the course of an investigation if they believed their statements would become public as a matter of course under FOIA.

20. Nor has the government acknowledged which individual(s), other than Mr. Cohen, were the subject(s) of the SDNY's investigations. It is the SDNY's general practice not to publicly identify individual subjects of criminal investigation (or other persons of investigative interest) who are not charged. If the substance of the interview records were released, the questions asked of the witnesses would tend to reveal which conduct was of particular interest to prosecutors, and thus which individual(s) were the subject(s) of the investigations or otherwise of investigative interest.

21. Particularly in light of the information that has been made public in the criminal case and media reporting on that matter, I believe most if not all of the individuals whose interviews are reflected in the responsive records (other than Mr. Cohen, Mr. Davidson, and Mr. Gauger) would be identifiable even if their names and other personally identifying information (such as addresses or places of employment) were redacted. This includes the four individuals whose interviews were conducted by Special Agents on 4/10/2018, 4/20/2018, and 5/17/2018, as identified on the EOUSA Index.

22. Two of the interviews conducted by Special Agents, both of which took place on 5/17/2018 as identified on the EOUSA Index, were undertaken to follow up on a lead that turned out to be a dead end. Disclosure of the information would be particularly invasive of the personal privacy of the witnesses and third parties mentioned in the document given that the information could not be verified or substantiated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of June, 2020.

THOMAS McKAY